<u>**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan**</u>.

| 0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    Donald K. Painter, Jr.

Case No..:    18-27906

Judge:    Andrew B Altenburg

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original    ■ Modified/Notice Required    Date: _____
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

■ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  SDH     Initial Debtor:  DKP     Initial Co-Debtor  _____

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay $470.00 Monthly for 7 months, then $600.00 Monthly for 12 months, then $1,211.30 Monthly for 41 months to the Chapter 13 Trustee, starting on  October 1, 2018  for approximately 60 months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ■  Future Earnings
- ☐  Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
- ☐  Sale of real property
Description:
Proposed date for completion:  _____

- ☐  Refinance of real property:
Description:
Proposed date for completion:  _____

- ☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion:  _____

d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐  Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection                    X  NONE

a.  Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Isabel C. Balboa, Esq. Trustee | Administrative | 6,015.33 |
| S. Daniel Hutchison, Esq. SH-6931 | Attorney Fees | 4,750.00 |
| Internal Revenue Service | Taxes and certain other debts | 3,600.32 |
| Karen Loper | Domestic support obligations | 0.00 |
| S. Daniel Hutchison, Esq. | Taxes and certain other debts | 931.00 |
| State of NJ Dept. of Treasury | Taxes and certain other debts | 1,933.28 |

2

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

■ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Fay Servicing | 277 Logwood Avenue Carneys Point, NJ | 42,095.34 | 0.00 | 42,095.34 | 1,469.11 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES**

3

**the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ■ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ■ NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan ■ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐     Not less than $____ to be distributed *pro rata*

☐     Not less than ___ percent

■     *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions ☒ NONE

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ■ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
- ■ Upon Confirmation
- ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims

5

6)   General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

| Part 9:  Modification    ■ NONE |
|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: November 15, 2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The debtor is modifying his Chapter 13 Plan to propose a step-up cure Plan to pay the pre-petition mortgage arrears. | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

---

| Part 10 :  Non-Standard Provision(s): Signatures Required |
|---|

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
.
Debtor is paying the Karen Loper, the DSO recipient, directly outside of the Chapter 13 Plan.

Any non-standard provisions placed elsewhere in this plan are ineffective.

---

| Signatures |
|---|

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  April 24, 2019                          /s/ Donald K. Painter, Jr.
                                               Donald K. Painter, Jr.
                                               **Debtor**
Date:  _____
                                               Joint Debtor

Date  April 24, 2019                           /s/ S. Daniel Hutchison, Esq.
                                               S. Daniel Hutchison, Esq. SH-6931
                                               **Attorney for the Debtor(s)**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                        Case No. 18-27906-ABA
Donald K. Painter, Jr.,                                                       Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1            User: admin           Page 1 of 2          Date Rcvd: Apr 25, 2019
                               Form ID: pdf901        Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 27, 2019.
db             Donald K. Painter, Jr.,    277 Logwood Avenue,    Carneys Point, NJ  08069-2283
aty           +Catherine Aponte,    85 Broad Street,    Suite 501,    New York, NY 10004-1734
lm            +Fay Servicing,    440 S. La Salle,    St #2000,    Chicago, IL 60605-5011
517743659     +CBNA/Citibank,    Attn: Bankruptcy Department,    PO Box 790034,    Saint Louis, MO 63179-0034
517743658     +Catherine Aponte, Esq.,    Friedman Vartolo LLP,    85 Broad Street, Suite 501,
                New York, NY 10004-1734
517743662     +Fay Servicing,    Attn: Bankruptcy Department,    440 S. LaSalle Street, Suite 2000,
                Chicago, IL 60605-5011
517743663     +Fay Servicing,    PO Box 809441,    Chicago, IL 60680-9441
517743665     +Karen Loper,    83 Castle Heights Ave.,    Pennsville, NJ 08070-2201
517743666      OneMain Financial Group, LLC,    Attn: Bankruptcy Department,    601 N. W. 2nd Street,
                Chicago, IL 60605
517850117    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,    Department of Treasury,
                Division of Taxation,    P.O. Box 245,    Trenton, NJ 08695-0245)
517743667     +Salem County Sheriff Department,    Attn: Foreclosure Sheriff Sales,    Re: F-18000387,
                94 Market Street,    Salem, NJ 08079-1914
517743668      State of NJ Dept. of Treasury,    Division of Taxation,    Attn: Debbie Janowski,    PO Box 190,
                Trenton, NJ 08695-0190
517753898     +Wilmington Savings Fund Society,    Robertson, Anschutz & Schneid, P.L.,
                6409 Congress Avenue, Suite 100,    Boca Raton, FL 33487-2853
517743670     +Wilmington Savings Fund Society,    D/B/A Christiana Trust/Citigroup Mtg,
                388 Greenwich St., 14th Floor,    New York, NY 10013-2375

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Apr 26 2019 00:12:49     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 26 2019 00:12:46     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
517743657     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 26 2019 00:08:57     Capital One,
                PO Box 30285,    Salt Lake City, UT 84130-0285
517824160      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 26 2019 00:08:57
                Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
517743660     +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Apr 26 2019 00:12:20     Comenity Bank - Boscovs,
                Attn: Bankruptcy Department,    PO Box 182125,    Columbus, OH 43218-2125
517743661     +E-mail/PDF: creditonebknotifications@resurgent.com Apr 26 2019 00:09:05     Credit One Bank,
                Attn: Bankruptcy Department,    PO Box 98873,    Las Vegas, NV 89193-8873
517743664      E-mail/Text: cio.bncmail@irs.gov Apr 26 2019 00:11:54     Internal Revenue Service,
                PO Box 21126,    Philadelphia, PA 19114
517865631      E-mail/PDF: resurgentbknotifications@resurgent.com Apr 26 2019 00:10:06
                LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
                FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517768003     +E-mail/PDF: cbp@onemainfinancial.com Apr 26 2019 00:08:04     OneMain,    PO Box 3251,
                Evansville, IN 47731-3251
517873056      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 26 2019 00:31:30
                Portfolio Recovery Associates, LLC,    c/o Best Buy Visa,    POB 41067,    Norfolk VA 23541
517851754      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 26 2019 00:09:04
                Portfolio Recovery Associates, LLC,    c/o H H Gregg,    POB 41067,    Norfolk VA 23541
517859148      E-mail/Text: bnc-quantum@quantum3group.com Apr 26 2019 00:12:36
                Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                Kirkland, WA  98083-0788
517746058     +E-mail/PDF: gecsedi@recoverycorp.com Apr 26 2019 00:09:40     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517743669      E-mail/PDF: gecsedi@recoverycorp.com Apr 26 2019 00:08:10     Synchrony Bank - HH Gregg,
                Attn: Bankruptcy Department,    PO Box 965060,    Orlando, FL 32896-5060
                                                                                       TOTAL: 14

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517867909      WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRIST,    Fay Servicing, LLC,
                3000 Kellway Drive Suite 150 Carrollton,
cr*           +Wilmington Savings Fund Society,    Robertson, Anschutz & Schneid P.L.,    6409 Congress Ave.,
                Suite 100,    Boca Raton, FL 33487-2853
517873577*    +Karen Loper,    83 Castle Heights Avenue,    Pennsville, NJ 08070-2201
                                                                       TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-1          User: admin              Page 2 of 2          Date Rcvd: Apr 25, 2019
                             Form ID: pdf901           Total Noticed: 28
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 27, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 24, 2019 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor    Wilmington Savings Fund Society, FSB, D/B/A Christiana
           Trust, Not in its Individual Capacity, but Solely as Indenture Trustee of Citigroup Mortgage
           Loan Trust 2015-RP2 dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Harold N. Kaplan    on behalf of Creditor    Wilmington Savings Fund Society hkaplan@rasnj.com,
           informationathnk@aol.com
          Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
          S. Daniel Hutchison    on behalf of Debtor Donald K. Painter, Jr. sdhteamlaw@outlook.com,
           backupcourt@outlook.com;sdhlawparal@outlook.com;hutchisonsr39026@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                            TOTAL: 5
```